IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRADY LOUIS, ID # 554236, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-1396-L |
| | ) | |
| CRAIG WATKINS, et al., | ) | |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

In July 2005, plaintiff filed the instant action pursuant to 42 U.S.C. §§ 1981 and 1983 against his former attorney, Craig Watkins (Watkins);[1] Assistant District Attorney Curtis Tomme (Tomme); and Tommy Pope (Pope) of the Abilene Police Department. (*See* Compl. at 2-3.)[2] Plaintiff alleges that Officer Pope planted drugs in his vehicle on February 28, 2003; seized $5,000 but only reported $3,061; and lied to his parole officer in Dallas, Texas, about a warrant in order to cause his arrest on March 4, 2003. (*Id.* at attached pages; Answer to Question 4 of Magistrate Judge's Questionnaire (MJQ).[3]) The arrest led to plaintiff's conviction for possession of cocaine with

---

[1] Although there is some uncertainty regarding the attorney-client relationship between plaintiff and defendant Watkins, the Court refers to Watkins as plaintiff's former attorney based upon plaintiff's allegations and characterization of defendant Watkins.

[2] The Court utilizes the page numbers at the bottom of each page although the first page of the complaint indicates that it is page two.

[3] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

intent to deliver in Cause No. 6381-D. (*See* Answer to Question 5 of MJQ.) Plaintiff alleges that defendant Watkins agreed to represent him in all matters related to Cause No. 6381-D, and that Watkins' failure to appear at the civil forfeiture proceedings concerning the seized money (Cause No. 7061-D) resulted in the entry of a default judgment against plaintiff on April 21, 2003, and the forfeiture of the $3,061. (Compl. at attached pages.) Plaintiff alleges in his complaint that defendant Tomme was appointed to represent him after Watkins failed to appear but never contacted him; however, he also alleges in his answers to the questionnaire that Tomme was an Assistant District Attorney and was not appointed to represent him. (*Id.*; Answer to Questions 1and 2 of MJQ.)

Although plaintiff has challenged his conviction in state and federal court, the conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. (*See* Answers to Questions 6 and 7 of MJQ.) By this lawsuit, plaintiff seeks monetary damages. (Answer to Question 8 of MJQ.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee or officer of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defen-

2

dant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

In addition to the screening mechanisms available pursuant to 28 U.S.C. §§ 1915 and 1915A, courts have "a continuing obligation to examine the basis for their jurisdiction", *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990), and may *sua sponte* raise the jurisdictional issue at any time, *id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. Rule 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

### III. RELIEF UNDER SECTIONS 1981 AND 1983

Plaintiff seeks monetary relief under 42 U.S.C. §§ 1981 and 1983 against his former attorney, an Assistant District Attorney, and a police officer for acts and omissions that occurred between February and May 2003.

3

**A. <u>Relief under Section 1981</u>**

"[S]ection 1981 provides a cause of action for public or private discrimination based on race." *See Felton v. Polles*, 315 F.3d 470, 480 (5th Cir. 2002). Although plaintiff cites § 1981 in his complaint, he makes no allegation in his complaint or answers to the MJQ that any defendant has discriminated against him on the basis of his race. Consequently, his claims under § 1981 fail to state a claim upon which relief may be granted. Conclusory allegations under § 1981 are insufficient to state claim. *See Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

**B. <u>Relief under Section 1983</u>**

Plaintiff also invokes 42 U.S.C. § 1983 as a basis for this action based upon alleged acts and omissions of defendants that occurred between February and May 2003. (*See generally* Compl.; Answer to Question 4 of MJQ.) Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient." *Holdiness*, 808 F.2d at 424.

    1. *Former Attorney*

Plaintiff claims that his former attorney failed to appear on his behalf at forfeiture proceedings on April 21, 2003, resulting in entry of a default judgment for forfeiture of the seized funds.

4

Although plaintiff alleges that defendant Watkins deprived him of certain constitutional rights, he fails to allege facts sufficient to attribute the alleged deprivation by his former attorney to the State. The Supreme Court has set forth a two-part test to determine whether the deprivation of a federal right can fairly be attributable to the State: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state [sic] or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor," either "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

It is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law). Nevertheless, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983:

> 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.'

5

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)).  To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state."  *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).  Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.'  A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

Attorneys do not perform a function that is traditionally the exclusive province of the state.  In addition, there is no nexus between the State and the actions of plaintiff's former attorney such that the attorney's acts or omissions are fairly attributable to the State.  Further, plaintiff has alleged no agreement between his former attorney and any state actor to commit an illegal act. Without an allegation of some agreement between his former attorney and a state actor, plaintiff has failed to state a viable claim under § 1983 against defendant Watkins, and his claims against Watkins should be dismissed.

6

## 2. *Assistant District Attorney*

Plaintiff also asserts claims against defendant Tomme relative to the civil forfeiture proceedings in Cause No. 7061-D.[4] It is well established that prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Although the Fifth Circuit Court of Appeals has not extended such immunity to the context of civil forfeiture actions related to a criminal prosecution, the Third Circuit has held that prosecutors enjoy absolute immunity with respect to initiating and presenting a civil forfeiture action related to a criminal prosecution. *See Schrob v. Catterson*, 948 F.2d 1402, 1411-12 (3d Cir. 1991) (extending immunity principles of *Imbler* and *Butz v. Economou*, 438 U.S. 478 (1978) to civil forfeiture context). The

---

[4] Although plaintiff couches his claim in terms of "access to courts", he complaint centers on his lack of notice of the civil forfeiture proceedings. While there is a well-established constitutional right to access the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), such right is limited and simply requires "prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law", *id.* at 828. The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Furthermore, because the right of access to the courts is not a "freestanding right", the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349.

To meet the standing requirement plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claimed denial of access to courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

Assuming that plaintiff intended to assert an access-to-courts claim against the ADA, he has failed to show that he has standing to litigate that claim. He has not alleged that the alleged lack of access prevented him from filing a case or caused him to lose a pending case that challenges his conviction or seeks to vindicate basic constitutional rights in a § 1983 action. Losing a civil forfeiture action for an alleged lack of notice does not amount to an actual injury for purposes of an access-to-courts claim. Thus, to the extent that plaintiff intended to assert such a claim, he has shown no actual injury and therefore has no standing to proceed with an access-to-courts claim.

Court finds *Schrob* persuasive, and thus finds that defendant Tomme is absolutely immune to the claims asserted against him in this action.

### 3. *Police Officer*

Plaintiff lastly claims that Officer Pope planted drugs in his vehicle on February 28, 2003, and lied to his parole officer thus causing his arrest on March 4, 2003.[5] In light of plaintiff's conviction for possession of cocaine with intent to deliver resulting from his arrests, the Court must determine whether *Heck v. Humphrey*, 512 U.S. 477 (1994) applies to bar the claims against Officer Pope. In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Thus, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* When success in a "§ 1983 damages action would implicitly

---

[5] Plaintiff also mentions that, during his February 28, 2003 arrest, Officer Pope confiscated $5,000 from him but "only turned in" $3,061. To the extent plaintiff seeks to raise a claim that Officer Pope intentionally deprived him of his property, such claim necessarily fails to state a claim under § 1983. Random, unauthorized deprivation of property, whether intentional or negligent, does not violate the Due Process Clause of the Fourteenth Amendment provided that adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Such remedies are deemed "adequate" even though plaintiff's recovery under state law may be less appealing than a § 1983 action. *Hudson*, 468 U.S. at 535. In view of the available state post-deprivation remedies, plaintiff's claim based on the intentional deprivation of his property is frivolous. *Hudson* forecloses such claim. Plaintiff cannot sustain a claim for negligent or intentional deprivation of property under the facts alleged when an adequate state post-deprivation remedy is available.

8

question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

In this case, if the Court were to grant damages for Officer Pope's alleged actions, such a ruling would necessarily implicate the validity of plaintiff's conviction for possession of cocaine with intent to deliver in Cause No. 6381-D. *See Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (holding that *Heck* bars recovery under a false arrest theory because a "conviction for aggravated assault necessarily implies that there was probable cause for his arrest at that point in time"); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (holding that *Heck* bars recovery for false arrest, when there is probable cause for any of the charges made and plaintiff's "proof to establish his false arrest claim, *i.e.*, that there was no probable cause to arrest . . . would demonstrate the invalidity of [plaintiff's] conviction"). Accordingly, under *Heck*, plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing the claims against Officer Pope under § 1983. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

The filings in this case clearly demonstrate that plaintiff's conviction has not been successfully overturned, reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court in a habeas proceeding. Until plaintiff receives a ruling declaring his conviction invalid, no action will accrue under § 1983 for the claims against Officer Pope. *See Heck*, 512 U.S. at 486-87. Consequently, such claims have no basis in law and should be dismissed as frivolous. *Hamilton*, 74 F.3d at 102 (holding that "[a] §1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question"). The Court should dismiss them

9

"with prejudice to their being asserted again until the *Heck* conditions are met."[6] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (upholding dismissal with prejudice); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (same).

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's claims against Officer Pope regarding the planting of drugs and lying to plaintiff's parole officer with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is further recommended that the Court **DISMISS** plaintiff's other claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) without regard to future satisfaction of the *Heck* conditions.  The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[7]

**SIGNED this 13th day of June, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Were the Court to find *Heck* inapplicable to bar these claims, it would consider the timeliness of such claims.  In view of Texas' two-year statute of limitations for personal injury claims, plaintiff had two years from the date that his § 1983 claims accrued to file suit.  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  From the filings in this case, it appears that plaintiff's claims against Officer Pope accrued in late February and March 2003.  Plaintiff, however, did not file the instant suit until July 2005 – more than two years later.  It thus appears that the claims against Officer Pope are time-barred, and thus subject to summary dismissal to the extent *Heck* is inapplicable to his claims.  Nothing indicates that the limitations period should be tolled.

[7] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE